FILED
SUPERIOR COURT
OF GUAM

2021 MAY 26 PM 4:44

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | )    **Criminal Case No. CF0124-20** |
| | )    GPD Report No.: 20-05303 |
| vs. | ) |
| | ) |
| SAHN JOHNNY | ) |
| aka SAHN LONELY JOHNNY | ) |
| DOB: 01/19/1989 | )    DECISION AND ORDER RE. |
| | )    RENEWED MOTION TO DISMISS |
| ROY ANTHONY JOHNNY | )    RIOTING (As A Third Degree Felony) |
| DOB: 12/26/1990 | )    CHARGES IN INDICTMENT |
| | )    (Defendants Roy Anthony Johnny and |
| ADVENTUS CHRIS DOIS | )    Adventus Chris Dois) |
| DOB: 12/08/1998 | ) |
| | ) |
| HAGGAI DOIS | ) |
| DOB: 06/22/1996, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on May 24, 2021, upon submission of Defendants Roy Anthony Johnny ("Roy") and Adventus Dois ("Adventus") (collectively, "Defendants") respective renewed motions to dismiss the charges of Rioting (As a Third Degree Felony) as contained in the Indictment against Defendants. During the hearing, Defendant Roy was represented by Assistant Alternate Public Defender Peter Santos and Defendant Adventus was represented by Attorney Terry E. Timlin. The People did not appear at the noticed hearing of this matter, nor did the People file an Opposition or other responsive

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Renewed Motion to Dismiss*
*(Defendants Roy and Adventus)*

pleading to the renewed Motions.[1] During the hearing of this matter, the Court considered the arguments of the parties and GRANTED the renewed Motion to Dismiss the Rioting charges against Defendants. The Court now issues this Decision and Order memorializing its oral ruling from the bench.

## RELEVANT PROCEDURAL HISTORY

The Court incorporates by reference herein the Procedural History set forth in its *Decision and Order* previously issued on April 16, 2021. *Decision and Order Re. Motion to Dismiss Indictment* (April 16, 2021). As additional relevant history, the Court ordered the People to file its Bill of Particulars within ten (10) days of the issuance of its Decision. *Id.* at 12. The People failed to file its Bill of Particulars within the time allotted in the Decision and Order, but filed it untimely on May 24, 2021, less than one hour prior to the scheduled hearing on Defendants' renewed motions. In its submission, the People recognized that the Court-ordered deadline to submit the Bill of Particulars was on April 26, 2021, but provided no explanation justifying its untimeliness. *Bill of Particulars* at 2 (May 24, 2021). Moreover, the People did not file an Opposition to the renewed Motions. The People failed to appear during the duly noticed hearing on May 24, 2021.

## DISCUSSION

As the Court previously ruled in its April *Decision*, the Indictment is defective as to Defendants Roy and Adventus because it fails to give adequate notice to these defendants of the particular *felony* or *misdemeanor* they intended to commit or facilitate "when they did knowingly

---

[1] Notice of the hearing on the Defendants' Motions was issued and served upon all parties by the Court on May 12, 2021. CR1.1 Form 3 (May 12, 2021). The People's Opposition to Defendant Roy's Motion was due on May 14, 2021, and the Opposition to Defendant Adventus's Motion was due on May 18, 2021. No Opposition or other response was filed by the People. During the hearing, scheduled for 2:00 p.m. on May 24, 2021, all parties were present, except the People and the Court waited until 2:15 p.m. to call the case, in the event the People appeared tardily. The Court addressed the parties and, without appearance by the People, ruled from the bench, granting the motions. At the conclusion of the hearing, Assistant Attorney General Minji Kim appeared in the Zoom waiting room. However, as the matter had already concluded, the Court terminated the Zoom proceedings.

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Renewed Motion to Dismiss*
*(Defendants Roy and Adventus)*
Page 2 of 7

participate with four or more others in a course of disorderly conduct." *Decision and Order Re. Motion to Dismiss Indictment* at 10-12 (April 16, 2021). Reviewing the People's Bill of Particulars, nothing in the submission provides further guidance. The Court reviews each paragraph of the Bill of Particulars in turn.

Paragraph 1 of the People's Bill of Particulars provides the following:

> 1. GPD Officer T. Walker will testify that on February 20, 2020, he, along with other GPD officers arrived at an apartment complex behind Kmart in Tamuning. He had observed a large number of individuals were yelling loudly, that Officer RS Cruz was struggling with a made individual at Michu Auto, which is next to the business. Defendants SAHN JOHNNY, ROY ANTHONY JOHNNY, ADVENTUS CHRIS DOIS, and HAGGAI DOIS were a part of this group. Marie Sos, a victim, stated that an argument occurred and that SAHN JOHNNY had struck her in the head with a pipe and that she observed that SAHN JOHNNY had struck ADVENTUS DOIS with a rock. Sos added that she tried to get other family members to back away from the scene and that other members of SAHN JOHNNY's family were walking towards the scene. Sos added that a lot of pushing, punching and yelling occurred at that time.

*People's Bill of Particulars* at 2. Nothing in this paragraph identifies the *felony* or *misdemeanor* which Defendants Roy or Adventus intended to commit or facilitate when they did knowingly participate with four or more others in a course of disorderly conduct. Indeed, paragraph 1 establishes that Defendant Adventus was a victim of Defendant Sahn Johnny's alleged acts.

Paragraph 2 of the Bill of Particulars provides the following:

> 2. GPD Officer R Perez will testify that on February 20, 2020, that upon his arrival with Officer Medina, that there were ten (10) or more individuals who were at the apartment complex in Harmon Industrial Park Road. Officer Perez noted that there as [sic] an altercation between the ten individuals and other individuals at an apartment complex. Officer Perez and Officer ML Medina gave verbal commands to terminate the altercation, but that they were ignored. Officer Perez will testify that he spoke with ADVENTUS CHRIS DOIS who was bleeding from one of his eyes and to his mouth area. ADVENTUS CHRIS DOIS stated that an argument occurred and that there was a physical altercation. ADVENTUS CHRIS DOIS stated that he was assaulted by SAHN JOHNNY and that another family member had also been assaulted by SAHN JOHNNY.

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Renewed Motion to Dismiss*
*(Defendants Roy and Adventus)*

*Id.* at 3. Similarly, nothing in Paragraph 2 provides any more detail to the Defendants as to which *felony* or *misdemeanor* they are have intended to commit or facilitate "when they did knowingly participate with four or more others in a course of disorderly conduct." Again, Defendant Adventus is identified as a victim in this paragraph.

Paragraph 3 of the Bill of Particulars provides as follows:

> 3. GPD Officer R. S. Corpuz will testify that on February 20, 2020, he arrived at the apartment complex on Harmon Industrial Park and observed about 20 people in the parking lot. Officer Corpuz observed that several people were by a concrete wall and that others around them appeared to be irate and being held back from a verbal confrontation within groups of people in the parking lot. The individuals were speaking aloud of a physical confrontation that occurred prior to the police arrival and that their frustration was directed towards the male individual at Michu Auto Body Shop. Officer Corpuz spoke with HAGGAI DOIS, who stated that SAHN JOHNNY was one of the guys that hit his mother, Marie Sos. Officer Corpuz had to direct HAGGAI DOIS several times to calm down and that he was inciting others in the crowd to act out in an unlawful behavior.

*Id.* Nothing in Paragraph 3 provides the necessary detail required to provide Defendants Roy and Adventus with notice of the Rioting charge sufficient to adequately prepare a defense. Indeed, Paragraph 3 does not address Defendants Roy or Adventus *at all.*

Paragraph 4 of the Bill of Particulars provides:

> 4. GPD Officer M. Medina will testify that on February 20, 2020, that he arrived with Officer R. Perez at the apartment complex on Harmon Industrial Park Road and observed two sets of groups, both sets having approximately ten individuals each, most of which appeared intoxicated. ADVENTUS CHRIS DOIS and HAGGAI DOIS were in one group and were irate and were loud exchanging words with the other group and asking to fight-despite attempts by police to calm down and disperse. They continued calling out people to fight. Officer Medina will had observed [sic] Marie Sos point out SAHN JOHNNY as the one who had assaulted her. Officer Medina also observed injuries to SAHN JOHNNY's knees and feet and that SAHN JOHNNY stated that he had sustained those injuries when he and ROY ANTHONY JOHNNY fought ADVENTUS CHRIS DOIS and HAGGAI DOIS.

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Renewed Motion to Dismiss*
*(Defendants Roy and Adventus)*

*Id.* This Paragraph indicates that, as to Defendants Roy and Adventus, they are alleged to have fought co-defendants Sahn Johnny and Haggai Dois. However, these acts have been charged as the offense of Disorderly Conduct (as a Petty Misdemeanor) "when they recklessly created a risk of public inconvenience, annoyance and alarm by engaging in fighting or tumultuous behavior and the defendants intended to cause substantial harm or serious inconvenience and they persisted in the conduct after a reasonable warning and request to desist, in violation of 9 GCA §§ 61.15 (a) (1), (b) and (c), as amended." As such, Paragraph 4 does not provide the requisite information regarding the *felony or misdemeanor* the Defendants are alleged to have intended to commit or facilitate in the course of rioting.

An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a felony, or a felony and a related misdemeanor. 8 GCA § 50.54; *People of Guam v. San Nicolas,* 2013 Guam 21 ¶ 11. "The indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the charges." *Id.* ¶ 12. Guam law requires an indictment to be a plain, concise, and definite written statement of the essential facts constituting the offense charged and signed by the prosecuting attorney. 8 G.C.A § 55.10.

As previously discussed in this Court's earlier *Decision and Order Re. Motion to Dismiss,* an indictment is sufficient when it apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense. *People v. Torres,* 2014 Guam 8 ¶ 20 (quoting *People v. Jones,* 2006 Guam 13 ¶12). An indictment which tracks the words of the statute charging the offense is sufficient if the words unambiguously set forth all the elements of the offense. *People v. Quenga,* 2015 Guam 39 ¶ 58 (citing *Torres, supra*). On the other hand, an indictment is insufficient if it does not apprise the defendant "with reasonable certainty, of the nature of the accusation against him." *Russell v. United States,* 369 U.S. 749, 765 (1962). The

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Renewed Motion to Dismiss*
*(Defendants Roy and Adventus)*
*Page 5 of 7*

Supreme Court of Guam similarly held that an indictment is insufficient where it "uses the generic expression set forth in the statute without specifying which of a variety of activities, any one of which would be criminal, that the defendant must defend against or which the grand jury considered." *Torres* ¶ 31. An indictment is read in its entirety and construed with common sense. *Id.* ¶ 20 (citation omitted).

When the indictment fails, as it did here, to properly apprise the defendant of the nature of the charges against him and fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the Court may order the People to file a Bill of Particulars pursuant to 8 G.C.A. § 55.30. The Bill of Particulars "require[s] the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense."

Reading the Indictment together with the People's Bill of Particulars, there People continue to fail to apprise the Defendants "with reasonable certainty" of the nature of the accusation against each of them. Specifically, the People have not specified what requisite *felony* or *misdemeanor* crime attendant to the charge of rioting the Defendants are alleged to have been committing or facilitating. Thus, despite the opportunities given to the People to establish the factual basis for the Rioting charge against Defendants Roy and Adventus, the People have been unable to cure the defect in the Indictment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Roy and Adventus renewed Motion to Dismiss the Indictment with respect to the Rioting charges filed against them. The Court has provided the People with more than adequate opportunity to cure any defects in the Indictment and the People have continued to fail to do so. The remaining charges against Defendants Roy

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Renewed Motion to Dismiss*
*(Defendants Roy and Adventus)*

and Adventus of Disorderly Conduct (As a Petty Misdemeanor) and Public Drunkenness (As a Violation) are unaffected by this Decision and Order.

SO ORDERED this 26th day of May, 2021.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG's, APD, PDSC, T. Timblin, G. Rudolph

Date: 5/26/21 Time: 4:49pm

Deputy Clerk, Superior Court of Guam

*People v. Johnny et al., CF0124-20*
*Decision and Order Re. Renewed Motion to Dismiss*
*(Defendants Roy and Adventus)*
*Page 7 of 7*